UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY ADAMS,

    Petitioner,                                 Civil No. 2:15-CV-10124
                                                HONORABLE NANCY G. EDMUNDS
v.                                            UNITED STATES DISTRICT JUDGE

RANDY HAAS,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT UNDER 28 U.S.C. § 1651**

Terry Adams, ("petitioner"), a state prisoner confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to the All Writs Act, 28 U.S.C. § 1651. In his application, filed *pro se*, petitioner challenges his conviction for carjacking, M.C.L.A. 760.529a. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

### I. Discussion

Petitioner challenges his conviction on the ground that he was denied the assistance of counsel during his initial arraignment on the warrant. Petitioner claims that the state lacked jurisdiction to try and convict him because of this violation. Petitioner seeks relief under the All Writs Act, 28 U.S.C. § 1651.

The petition for writ of habeas corpus is subject to dismissal because petitioner has sought habeas relief from his state court conviction pursuant to 28 U.S.C. § 1651 and not under 28 U.S.C. § 2254, the statute governing the filing of habeas petitions by prisoners

1

in state custody.

28 U.S.C.§ 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Sixth Circuit has noted that "numerous federal decisions ...support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various restrictions imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) for obtaining habeas relief from a state conviction. *See Rittenberry v. Morgan,* 468 F.3d 331, 337 (6th Cir. 2006)(emphasis original); *See also Allen v. White*, 185 Fed. Appx. 487, 490 (6th Cir. 2006)("In light of the serious question whether a state prisoner *may* proceed under § 2241, there is no reason to think that a state prisoner (like Allen) *must* proceed under § 2241, or, a fortiori, that a court commits error by not converting a petition under § 2254 into one under § 2241")(emphasis original). Regardless of the label on the statutory underpinning of the habeas petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254. *See Byrd v. Bagley,* 37 Fed. Appx. 94, 95 (6th Cir. 2002). § 2254 is basically "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody[,]." *Greene v. Tennessee Dep't of Corr.*, 265 F. 3d 369, 371 (6th Cir. 2001)(quoting *Walker v. O'Brien,* 216 F. 3d 626, 633 (7th Cir. 2000)). By contrast, the All-Writs Act is not an independent source of federal jurisdiction to issue writs, but only authorizes a federal court to issue a writ in aid of their jurisdiction. *See Baze v. Parker*, 632 F.3d 338, 345 (6th Cir. 2011)(citing *United States v. Perry*, 360 F.3d 519, 533 (6th Cir. 2004)).

28 U.S.C. § 1651, the All Writs Act, thus may not be used to evade the strictures of section 2254. *See Brennan v. Wall*, 100 F. Appx. 4 (1st Cir.2004); *see also Haliburton v. United States*, 59 F. Appx. 55, 57 (6th Cir.2003) (federal prisoner could not use the All Writs Act to circumvent the AEDPA's prohibition against the filing of a second or successive motion to vacate sentence brought under 28 U.S.C. § 2255); *Ward v. Howes*, 2007 WL 172515 (W.D. Michigan January 19, 2007)(refusing to entertain petition under § 1651 where habeas corpus petition appropriately considered under § 2254). In addition, although a petitioner can challenge his or her conviction by filing for a writ of coram nobis pursuant to 28 U.S.C. § 1651, he or she can only do so if the prisoner is no longer in federal or state custody. *See U.S. v. Acosta*, 10 Fed. Appx. 294, 295-96 (6th Cir. 2001)(citing *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001)); *Owens v. Boyd,* 235 F. 3d 356, 360 (7th Cir. 2000). Because petitioner remains in state custody, he cannot seek relief from his conviction or sentence by means of a writ of coram nobis. *Owens,* 235 F. 3d at 360.

When a *pro se* prisoner files a mislabeled civil action that should have been filed under 28 U.S.C. § 2254, the suit should not be converted into an action under section 2254 and decided on the merits. Instead, the proper action is to dismiss the action without prejudice. *See Staples v. Casperson,* 6 Fed. Appx. 481, 483-84 (7th Cir. 2001). Thus, rather than re-characterizing petitioner's current application as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, this Court shall dismiss his claims without prejudice to avoid any adverse consequences with respect to any § 2254 claim or claims that petitioner may wish to file in the future. *See Martin v. Overton*, 391 F. 3d 710, 713 (6th Cir. 2004)(holding that the district court should have dismissed the habeas petitioner's §

2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner).

## II.  ORDER

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 1651 is **DISMISSED WITHOUT PREJUDICE.**  The dismissal is without prejudice to petitioner filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

s/ Nancy G. Edmunds<br>
**HONORABLE NANCY G. EDMUNDS**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** February 5, 2015